KENNEDY, Justice
(dissenting).
I disagree with the majority’s Rule 53, Ala.R.App.P., affirmance of the trial court judgment. The trial court directed a verdict. In my view, the plaintiffs tort of outrage claim should have been determined by the jury.
Specifically, there was evidence before the jury in the form of a tape recording of a conversation between the plaintiff and the defendant, wherein the defendant confirms that when the plaintiff had sought the defendant’s professional legal assistance regarding a divorce, the defendant had offered to assist the plaintiff in exchange for sex. There was evidence that on the occasion of that offer the defendant started to remove the plaintiffs blouse but stopped when the plaintiff threatened to scream. There was evidence also to support the inference that the plaintiff was extremely upset by this encounter, that she was made to feel degraded, and that the incident had caused her to become apprehensive and fearful.
The defendant suggests that a “singular alleged encounter” of sexually motivated misconduct cannot meet the requirements of the tort of outrage — that for the plaintiff to have a cause of action there must have been multiple encounters. However, there is absolutely no authority in this State for the proposition that otherwise outrageous behavior must occur more than once before one can establish a prima facie case of the tort of outrage.
Moreover, to accept such a proposition is to afford a measure of civil immunity for societally intolerable behavior so long as the wrongdoer is cautious not to act repeatedly. There is no such immunity conveyed in the elements that this Court has recognized as constituting the tort of outrage: conduct that “1) was intentional or reckless; 2) was extreme and outrageous; and 3) caused emotional distress so severe that no reasonable person could be expected to endure it.” Thomas v. BSE Indus. Contractors, Inc., 624 *81 So.2d 1041 (Ala.1993), citing American Road, Ser. Co. v. Inmon, 394 So.2d 361 (Ala.1980).